UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff*,<br><br>v.<br><br>CONTENTS OF TD BANK ACCOUNT, ACCOUNT ENDING 7684, HELD IN THE NAME OF O'SHANE K. MALCOLM AND CONTENTS OF TD BANK ACCOUNT, ACCOUNT ENDING 1350, HELD IN THE NAME OF MICHAEL HARRISON,<br>  *Defendants*.<br><br>[CLAIMANTS:  O'SHANE K. MALCOLM AND MICHAEL HARRISON] | No.<br><br><br><br><br><br><br><br><br><br><br><br>November 8, 2023 |

## VERIFIED COMPLAINT OF FORFEITURE

1. This is a civil in rem action brought to enforce the provisions of 18 U.S.C. § 1343 (wire fraud), for which forfeiture is permitted under 18 U.S.C. § 981(a)(1)(C) (permitting forfeiture of property which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)).

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 & 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendants are the contents of TD Bank Account, account ending 7684, held in the name of O'Shane K. Malcolm and the contents of TD Bank account, account ending 1350, held in the name of Michael Harrison ("Defendant Assets").

4. The Defendants Assets are located within the jurisdiction of this Court.

## THE INVESTIGATION AND SEIZURE

5. On June 23, 2023, the City of New Haven ("New Haven") reported to law enforcement that it had been the victim of a business email compromise ("BEC") attack, sometimes referred to as an email spoofing attack.

6. Email spoofing is the creation of email messages with a deceptive sender display name. When a bad actor engages in an email spoofing attack, the bad actor sends an email header that displays an inaccurate sender address, which can deceive the receiver unless the receiver inspects the header closely. This inaccurate sender address is usually someone the receiver knows and/or trusts, so the receiver might open malicious links or engage in risky behavior that the receiver would otherwise not engage in.

7. New Haven's Board of Education has a management team. The email of one member of the management team was compromised.

8. The breach of this email account allowed the criminal actors[1] to review and send emails from the management team member's email account.

9. Law enforcement believes that criminal actors who breached this account waited and reviewed email traffic within the breached account for at least approximately one month.

10. New Haven's Board of Education has a contract for student bussing services with a bus company. Members of the Board of Education's management team had ongoing communications with the contract bus company. The individual with the compromised email address was part of these communications and used his/her email account to engage in such communication.

---

[1] The number of individuals involved in this scheme is unknown at this point in time.

11. In early June of 2023, there were communications between the bus company and the compromised email account about an outstanding payment owed by the Board of Education to the contracted bus company.  This outstanding payment was approximately $5.9 million dollars.

12. Around this time, the criminal actors created a new email address designed to look nearly identical to the email address from the bus company.

13. The criminal actors used the compromised email address to send test emails between the compromised email address and the newly created fake bus company email address.

14. The fake bus company email address asked the Board of Education's management team and/or member of the New Haven management team for instructions on how to change the payment information for the bus company.

15. New Haven maintains a website for payment of vendors.  Members of the New Haven's management staff, including management staff at the Board of Education, instructed the criminal actors, via the fake bus company email address, to change the payment information for the bus company in New Haven's online website.

16. The criminal actors followed these instructions and changed the bus company payment information in the online system.

17. On or around June 12, 2023, the criminal actors, using the fake bus company email address, emailed New Haven's Board of Education (including the compromised email account) and informed the New Haven Board of Education that the bus company's payment information had been updated and that New Haven could pay the bus company the outstanding $5.9 million dollar balance.

18. New Haven paid the approximately $5.9 million dollars to the new (and inaccurate) account for the bus company. This was paid over four transactions between June 15 and June 23, 2023.

    a. The first payment was $5,931,002.85 on June 15, 2023.

    b. The second payment was $20,831.57 on June 15, 2023.

    c. The third payment was $884.88 on June 15, 2023

    d. The fourth payment was $1,051.01 on June 23, 2023.

19. Shortly thereafter, legitimate employees of the contracted bus company contacted New Haven and reported that the bus company had not received the money New Haven owed to it under the contract, prompting law enforcement to investigate the situation.

20. The payments outlined above in paragraph 18 and its subparagraphs went to an account at JP Morgan Chase, account ending 7997, held in the name OM Mobile Care, LLC.

21. On June 16, 2023, five cashier's checks were issued from JP Morgan Chase, account ending 7997. These cashier's checks totaled $2,290,625.00. The cashier's checks were deposited into TD Bank account, account ending 7684, held in the name of O'Shane K. Malcolm.

22. Based on O'Shane K. Malcolm's account information, law enforcement believes that he controls banking account associated with OM Mobile Care, LLC. Moreover, O'Shane K. Malcolm is the registered signor for JP Morgan Chase, account ending 7997, which is the OM Mobile Care, LLC account.

23. A portion of New Haven's money held in the JP Morgan Chase, account ending 7997 was recovered by New Haven via the banks' ACH system, which allows banks to recover transferred money within a certain period via "hold harmless" agreements.

24. Money was then wired from TD Bank account, account ending 7684 to other bank accounts.[2]

25. On or about June 20 and June 21, 2023, TD Bank account, account ending 7684 conducted two wire transfers to TD Bank account, account ending 1350, held in the name of Michael Harrison. Those two wire transfers totaled $494,129.00.

26. On June 21, 2023, TD Bank account, account ending 1350, then transferred $245,500.00 to MCB Foris, a bank handling currency for Crypto.com, which is an online cryptocurrency trading platform. This money was dissipated and law enforcement has been unable to recover it.

27. The remaining money in TD Bank account, account ending 1350, totaling approximately $248,469.24, was seized by law enforcement pursuant to a warrant.

28. Following the transfers, TD Bank account, account ending 7684, held approximately $939,222.68. The contents of this account were seized by law enforcement pursuant to a warrant.

**Conclusion**

29. Based on the above information, it is believed that the TD Bank account, account ending 1350 and TD Bank account, account ending 7684, constitute the proceeds of violations of 18 U.S.C. § 1343 (wire fraud) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), namely wire fraud in violation of 18 U.S.C. § 1343, or conspiracy to commit such offenses.

---

[2] TD Bank account, account ending 7684 transferred money to an account that has since been closed.

Wherefore, the United States of America prays that a Warrant of Arrest In Rem be issued for the Defendant Assets; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

The United States requests trial by jury.

VANESSA ROBERTS AVERY,
UNITED STATES ATTORNEY

By:   /S/ David C. Nelson
David C. Nelson (ct25640)
Assistant U.S. Attorney
157 Church Street, 24th Floor
New Haven, Connecticut 06510
Tel:    (203) 821-3700
Fax:   (203) 773-5373
David.C.Nelson@usdoj.gov

**DECLARATION**

I am a Task Force Officer with the Federal Bureau of Investigation, United States Department of Justice, and the individual assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of November, 2023.


                                              <u>/s/ Matthew Collier</u>
                                              MATTHEW COLLIER
                                              TASK FORCE OFFICER, FBI